## No. 17,171.

### REAMER ET AL. *v.* HOGG ET AL.

DRAINAGE. — *Portion of Benefits Never Assessed or Called for Cannot Be Applied to New Work.* — *Statute Construed, Section 5648, R. S. 1894.* — The portion of the benefits found to have resulted from the construction of a drainage ditch, never assessed or called for, for the construction according to the plans and specifications, cannot be applied to new work, under R. S. 1894, section 5648, providing for the expenditure of funds collected on assessments in excess of the amount necessary to complete the ditch for opening the channel or increasing the levee.

From the Allen Superior Court.

*T. E. Ellison,* for appellants.

*Breen & Morris,* for appellees.

HOWARD, C. J.—Section one of an act concerning the drainage of wet and overflowed lands, approved March 6, 1891 (Acts 1891, 299 ; R. S. 1894, section 5648 ), is as follows :

"That when the work of constructing any ditch or

levee under the drainage laws of this State shall have been completed according to the original plans and specifications thereof, and there shall remain in the hands of the persons assessed for the construction of said ditch and the commissioner of drainage funds collected on assessments in excess of what was necessary to complete the same, any person interested in the same may file with the court a supplemental petition showing these facts and praying that such commissioner be required to expend the same, or so much thereof as may be necessary in deepening the channel or increasing the levee thereof at any point or points thereof whenever the same, according to the original plans and specifications, shall be insufficient to complete said drainage. Upon the filing of said petition ten days notice, as in civil cases, shall be given the persons assessed for construction of said ditch and the commissioner having said work in charge, and upon the hearing thereof the court shall determine the amount of money on hand as aforesaid, and order said commissioner to complete said work. Said commissioner shall cause said work to be carefully surveyed, and an estimate made of the work to be done, and contract therefor by letting the same to the lowest responsible bidder therefor, and require bond to be given by said contractor, as in other cases under the drainage laws of this State. Said commissioner shall pay the expense of said work as provided for under the drainage laws of this State, and in a like manner report his proceedings to said court."

Under the provisions of the forgoing statute the appellants on the 10th day of June, 1893, filed their petition in the trial court.

The facts of the case, as found specially by the court, and admitted to be substantially those alleged in the petition, are, so far as need be set out, as follows:

On the 18th day of July, 1883, proceedings were begun in the court below for the construction of a ditch to drain certain lands in Allen, Huntington and Whitley counties.

After the taking of all steps required by law, the ditch, was established, and a commissioner appointed to superintend the construction, and collect the assessments.

The amount of benefits on account of the ditch as established by the court, was $318,721.75. Of this sum the commissioner made assessments, aggregating fifty-five per cent., all of which were collected except a small sum now in process of collection.

On the 31st day of December, 1889, the commissioner made a report to the court that the ditch had been finished ; and the court, after examining the report and hearing remonstrances thereto, approved the same and adjudged that the ditch had been fully completed according to the plans and specifications.

On the 7th day of November, 1891, the commissioner, having finished paying for said work, and having paid all costs and expenses thereof, except a small amount of court cost, filed his resignation, showing that he had no money in his hands. The court approved this report also.

The amount of the assessments so made and collected, being fifty-five per cent. of the benefits, was sufficient to and did pay for the construction of the ditch in full, and the said part thereof still in process of collection will be sufficient to pay all the costs and expenses still unpaid.

All of said sums so collected were expended prior to the filing of the petition herein, and there were then no funds collected on said assessments in the hands of the persons assessed for the construction of said ditch and the drainage commissioner in excess of what was necessary to complete the same.

Reamer *et al. v.* Hogg *et al.*

No part of the remaining forty-five per cent. of the benefits was ever assessed or called for, nor is the same necessary to pay for the construction of the ditch, according to the plans and specifications.

Upon the foregoing facts the court stated as its conclusions of law, that the petitioners were not entitled to have collected the balance of the benefits not assessed or called for, and not necessary for the completion of the ditch according to the plans and specifications and the expense incident thereto, for the purpose of enlarging said ditch or building levees thereon, as prayed for in the petition, and that the petition should be dismissed.

We are of the opinion that the findings and conclusions so made by the court present for consideration all questions raised on this appeal.

Counsel for appellees, in support of the conclusions of law, earnestly contend that the statute under which the petition for the supplementary work was filed, is invalid, as an attempt to authorize the appropriation for a new work of moneys raised and not needed for the old work; claiming that no more should have been assessed for the original work than was necessary for its completion, and that if, through error of calculation or otherwise, more had been assessed and collected than necessary, the excess belonged to the people from whom it had been taken, and should therefore be redistributed, *pro rata*, to those to whom it belonged. Citing Cooley Taxation, 664, 665; *Groesbeck* v. *City of Cincinnati*, 51 Ohio St. 365.

We do not think, however, that we need pass upon the validity of the act in question. We are of opinion that, whether valid or invalid, the statute did not authorize the petition in this case.

The petition asks to have a part of the uncollected forty-five per cent. of benefits applied to the new work

upon the ditch; while the statute provides only for the application for such purpose "of drainage funds collected on assessments," in excess of what was needed to complete the original work. The statute also requires that before granting the petition "the court shall determine the amount of money on hand."

Not only does the petition in the case before us fail to show any funds collected and on hand, left after the completion of the original work, but the court expressly finds that there was no such money left; that all of the sums collected had been expended prior to the filing of the petition.

Even, therefore, if in any case money left in the hands of the commissioner after the completion of the original work could be applied to such supplementary work as indicated in the statute and in the petition thereunder, still we do not think that the facts in this case would warrant any application of the statute. There was no money on hand, and assessments on the original benefits could be made only for the original work.

The judgment is affirmed.

